Russell A. Brown
CHAPTER 13 TRUSTEE
3838 North Central Avenue, Ste. 800
Phoenix, Arizona 85012-1965
602.277.8996
602.253.8346, facsimile

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>GUILLERMO CARBAJAL<br><br>and<br><br>NANCY NAVARRO,<br><br><br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-16-BK-00153-PS<br><br>**TRUSTEE'S RECOMMENDATION** |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the plan:

1. Debtors' Petition fails to include the Debtors' email addresses as required by Local Rule 1005-2(a). Debtors must provide Trustee with current email addresses. Debtors' Counsel must affirm that Counsel will abide by the requirements of Local Rule 1005-2(a) for all future petitions filed by Counsel.

2. Based on the 2014 tax returns, the Trustee anticipates net tax refunds on Debtors' future tax returns. These funds represent disposable income. The Trustee requires Debtors to provide copies of their 2015 through 2019 state and federal income tax returns, within 30 days of filing. The Trustee will also require Debtor to turnover the 2015 through 2019 refunds within 15 days of receipt.

3. The plan proposes payment on a secured claim to Pennymac Loan Services who has not filed a proof of claim. The Trustee requires that the Debtors provide verification of the creditor's security interest by providing him a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like, and verification of perfection of such lien. Since the creditor has not yet filed a Proof of Claim, the Trustee requires the Debtors to provide verification of the amount of the pre-petition arrearage amount. The amount to be paid in the Order Confirming will be adjusted based on the actual arrearage amount. If there are arrears, the Trustee requires that the Order Confirming Plan provide as follows: "The Trustee has authority to pay on the secured debt owed even though the creditor has filed no secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor."

4. The Proof of Claim filed by the Internal Revenue Service (Claim #7) differs from the creditor's treatment under the Plan or is not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtor(s) must resolve this discrepancy before the Trustee recommends confirmation of the Plan. The Trustee requires that: (a) the Debtor(s) file an objection to the proof of claim; (b) notify the Trustee **in writing** that the claim issue has been resolved and that the holder of the claim will sign the order confirming plan; (c) notify the Trustee **in writing** that the proposed order confirming plan will pay the claim in full pursuant to the proof of claim; or (d) timely file an amended Plan to provide for payment in part or full on the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. The Trustee will require debtor(s) provide written notification as to whether the discrepancy has been resolved. Resolution of the discrepancy requires an Order from the Court, the creditor's approval signature on the proposed Stipulated Order Confirming the Case, or payment of the claim in full as per the Proof of Claim.

5. Debtors' Schedule J provides for the direct payment of educational loan(s). The Trustee objects to this discriminatory treatment of unsecured claims. 11 U.S.C. §1322(b)(1) prohibits unfair discriminatory treatment of unsecured claims. In addition, the 9th Circuit Bankruptcy

Case 2:16-bk-00153-PS    Doc 22    Filed 04/06/16    Entered 04/06/16 15:16:48    Desc
Main Document    Page 2 of 5

Appellate Panel has ruled that the non-dischargeable nature of a student loan was not a sufficient reasonable basis to justify the discriminatory treatment. Student Loans must be paid on a non-discriminatory pro rata basis with all other general unsecured creditors. Debtors must remove this deduction from Schedule J and provide for a corresponding increase in the monthly Plan Payments.

6. Item 9 of Debtors' Statement of Financial Affairs discloses Debtors' interest in a pending state court personal injury lawsuit resulting from a dog bite. However, this asset is not reported on Item 33 of their Schedule B. Debtors must file an Amended Schedule B disclosing the asset. This asset is property of the Bankruptcy Estate and any proceeds received will need to be turned over to the Bankruptcy Estate for the benefit of unsecured creditors. On February 22, 2016 Trustee's Counsel sent an email to Debtors' Counsel requesting the contact information for the attorney representing the Debtors in the Personal Injury matter. No response has yet been received. Debtors must provide the Trustee with the name/address/telephone number/email address of the attorney representing the Debtors in the Personal Injury matter.

7. The Trustee's Questionnaire completed by the Debtors reveals that Debtor1 receives bonuses from his employer that are treated more like raises. The Trustee requires the Stipulated Order Confirming include a provision requiring Debtor to provide annual updates on whether he has received any bonuses/raises. In the event of a bonus/raise, Debtors must file Amended Schedule I and provide for a corresponding increase in the monthly Plan Payments.

8. Chapter 7 reconciliation requirement is not an issue given Debtor's scheduled $150.00 equity in nonexempt property on the petition date, and the $12,866.52 of priority claims.

9. Given the $12,866.52 of priority claims that are not provided for in the Debtor's Plan, the Plan is significantly underfunded. The Trustee reserves the right to re-address the issue of Plan funding adequacy after the above issues have been resolved.

10. Debtors are required to make plan payments of $500.00 per month, beginning February 6, 2016. As of April 6, 2016, they should have made payments totaling $1,500.00. To date, Debtors have made payments totaling only $500.00. Debtors are currently in default $1,000.00, with another payment coming due on May 6, 2016. Debtors are reminded that their plan payments

- 3 -

are due on the 6th of every month.

11. Other Requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed order confirming plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed order confirming plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed order confirming plan state: "The plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13info.com

(f) Any order confirming plan must be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Nothing in the plan or order confirming plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtors in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(h) According to paragraph II.H.3 of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (Other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the Order Confirming a plan or granting

a motion for a moratorium.

    (i)    The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements by May 15, 2016, or the Trustee may lodge a dismissal order. **The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.**

Copy of the foregoing mailed or emailed
to the following parties on the date of the
electronic signature affixed hereto:

Guillermo Carbajal      Adam Hauf
Nancy Navarro     HAUF LAW, PLC
3983 N. Village St.     Adam@HaufLaw.com
Buckeye, AZ 85396
Debtor(s)